IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2007

Charles R. Fulbruge III
Clerk

————————————

No. 07-60374
Summary Calendar

————————————

PERRY LEWIS TURNER, SR.

Plaintiff-Appellant

v.

TUNICA COUNTY MISSISSIPPI,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
(2:04-CV-213)

Before WIENER, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Perry Lewis Turner, Sr. appeals the district court's

grant of summary judgment in favor of Defendant-Appellee Tunica County

Mississippi (the "County"), dismissing Turner's employment discrimination

suit grounded in allegations of retaliation for his protected First Amendment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

speech and racial bias.[1]  We affirm.

## I. FACTS AND PROCEEDINGS

Turner was a longtime employee of the County, previously serving as its solid waste manager and, most recently, as its director of housing.  He lost the latter job after the County decided to cease administering its housing program directly and contracted with North Delta Regional Housing Authority (North Delta) in June 2004 to have North Delta administer that program in addition to the County's homeowners' rehabilitation program, which was already being administered by North Delta.  The summary judgment evidence does not show that North Delta, a non-state actor, had an open position available to offer Turner or was under any obligation to hire him after his position with the County was eliminated by virtue of the contract between the County and North Delta.

Turner's claim is grounded in allegations of retaliation for (1) his running for the position of county supervisor in opposition to a longtime incumbent, James Dunn (originally a co-defendant in this action who was earlier dismissed), and complaining of irregularities after Dunn won that re-

---

[1] He does not address his race-based claim on appeal and it is thus deemed abandoned.

2

election; and (2) his prior complaints regarding interference by Dunn and other supervisors with the operation of the housing program and pressuring Turner to give preferential treatment to constituents in close proximity to elections for supervisor. The only evidence proffered by Turner to demonstrate the required nexus between his potentially protected speech and the elimination of his job as collateral damage from the County's outsourcing the management of the housing authority to North Delta comprised self-serving, conclusional speculation by Turner alone. Turner conceded as much on cross-examination, as quoted by the district court in its Memorandum Opinion; and it defies credulity to speculate that the county supervisors could or would go to the extreme of contracting in the private sector for the management of the housing program solely to get rid of a gadfly like Turner.

The same deficiency in the evidence applies to Turner's claim that the County retaliated against him by failing to give him another job when his was eliminated by the contract with North Delta. Even assuming the existence of sufficient evidence that Turner requested such action, he has adduced no probative evidence that an appropriate job existed and was vacant or, if it was, that such job was given to someone else not clearly more qualified than Turner.

Our review of the summary judgment record including the Memorandum Opinion of the district court, and of the applicable law and arguments presented by counsel for the respective parties in their appellate briefs, satisfies us that the district court providently granted summary judgment in favor of the County, dismissing Turner's employment retaliation complaint for lack of probative evidence sufficient to create a genuine issue of material fact and thereby justify consideration by a jury.  The district court's summary judgment is, in all respects,

AFFIRMED.